UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-00574-MR

| ANTWON ONTARIO KIRKLAND, | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | ORDER |
| GARY L. MCFADDEN, | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court on initial review of Petitioner's Pro Se Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, [Doc. 1], and on Petitioner's Motion to Proceed in Forma Pauperis, [Doc. 3].

**I.   BACKGROUND**

On October 26, 2021, Petitioner filed the instant pro se petition for writ of habeas corpus under 28 U.S.C. § 2241.[1] [Doc. 1]. Petitioner alleges that he is currently being held at the Mecklenburg County Detention Center ("Detention Center") following a February 6, 2019 arrest based on an unlawful seizure in which he was not read his Miranda rights. [Id. at 2, 6].

---

[1] Petitioner failed to pay the $5.00 filing fee with his petition. The Clerk, therefore, entered a deficiency notice advising Plaintiff that he was required to either pay the filing fee or file and application to proceed without prepayment of fees and an affidavit. [Doc. 2]. Thereafter, Plaintiff filed the pending motion to proceed in forma pauperis. [Doc. 3].

Plaintiff alleges that he filed some sort of challenge to his detention in the Superior Court of Mecklenburg County on December 15, 2020. [Id.]. Plaintiff claims that no action was taken on this challenge. [See id.]. Plaintiff admits that he has not otherwise challenged or appealed the decision or action before the Court. [Id. at 2-3].

For relief, Petitioner seeks release "from this illegal seizure on 2-6-2019." [Id. at 7]. The Court will first address Petitioner's motion to proceed in forma pauperis.

## II. IN FORMA PAUPERIS MOTION

Plaintiff's affidavit shows that Plaintiff has had an average monthly income of $0.00 during the past twelve months and that he expects to receive no income next month. [Doc. 3 at 1-2]. Plaintiff reports having no monthly expenses. [Id. at 4-5]. Plaintiff reports having no assets, no cash, no money in any bank account, and that no one relies on him for support. [Id. at 2-3]. The Court is satisfied that Petitioner does not have sufficient funds to pay the filing fee and will grant Petitioner's motion to proceed in forma pauperis for the limited purpose of the Court's initial review.

## III. STANDARD OF REVIEW

Rule 4 of the Rules Governing Section 2254 Proceedings provides that courts are to promptly examine habeas petitions to determine whether the

petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the habeas petition can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

A federal habeas petitioner who is "in custody pursuant to the judgment of a State court," may seek relief pursuant to Title 28, Section 2254(a). A pretrial detainee, however, is not "in custody" pursuant to a state court judgment. Relief under § 2254, therefore is not available. See Dickerson v. Louisiana, 816 F.2d 220 (5th Cir. 1987). A pretrial detainee's exclusive federal remedy for alleged unconstitutional confinement is to file a petition for a writ of habeas corpus under 28 U.S.C. § 2241(c)(3), but only after fully exhausting the available state remedies. See 28 U.S.C. § 2241(c)(3); Thomas v. Crosby, 371 F.3d 782, 786 (11th Cir. 2004). Although § 2241 contains no express reference to exhaustion of state remedies, as does § 2254, exhaustion is required prior to filing a § 2241 petition. See e.g., Braden v. 30th Jud. Cir., 410 U.S. 484, 490-91 (1973); Moore v. DeYoung, 515 F.2d 437, 442-43 (3d Cir. 1975). To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state courts such that the courts

have the fair "opportunity to apply controlling legal principles to the facts bearing upon [his] constitutional claim." Picard v. Connor, 404 U.S. 270, 275-77 (1971); see O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (in order to properly exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process").

Here, Plaintiff alleges only that he filed some sort of challenge to his illegal seizure in the Superior Court of Mecklenburg County on December 15, 2020 on which no action was taken. [See Doc. 1 at 2]. He admits that he did not otherwise appeal the action about which he now complains. [See id. at 2-3]. As such, Plaintiff failed to exhaust his state remedies before filing this action. Because Petitioner failed to exhaust his state court remedies, this petition is not properly before the Court. The Court will, therefore, dismiss it without prejudice.

## IV. CONCLUSION

For the reasons stated herein, Petitioner's § 2241 petition is denied and dismissed without prejudice.

## ORDER

**IT IS THEREFORE ORDERED** that Petitioner's Petition for Writ of Habeas Corpus under § 2241 [Doc. 1] is **DENIED** and **DISMISSED without**

**prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Proceed in Forma Pauperis [Doc. 3] is **GRANTED** in accordance with the terms of this Order.

The Clerk is directed to terminate this action.

**IT IS SO ORDERED**.

Signed: November 9, 2021

Martin Reidinger
Chief United States District Judge